UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ELLA M. SMITH, | ) | Civil Action No.: 4:12-cv-1848-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| MOHAWK INDUSTRIES, INC.; | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brings this action pursuant to the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq. Presently before the Court are Defendant's Motion to Compel (Document # 17), Motion to Stay (Document # 22) and Motion to Dismiss (Document # 24) for lack of prosecution. In its Motion to Compel, Defendant seeks an Order compelling Plaintiff to serve discovery responses to its First Set of Interrogatories and First Set of Requests for Production. In her Response, Plaintiff admits that she has not responded to the discovery requests and represents that she should be able to serve responses within ten days from the date of the Response. However, in Defendant's Motion to Stay, Defendant notes that Plaintiff has still not responded to the discovery requests and asks that the Court stay the scheduling order deadlines pending a ruling on the Motion to Compel or receipt of Plaintiff's discovery responses. Plaintiff has not filed a Response to the Motion to Stay.

In the Motion to Dismiss, Defendant asserts that Plaintiff still has not responded to discovery or responded to a request about when the responses would be served, has not served her own discovery requests and did not respond to Defendant's Motion to Stay or contact defense counsel about the Motion. Thus, Defendant seeks dismissal of this case pursuant to Rule 41(b), Fed.R.Civ.P., for Plaintiff's failure to prosecute this action. In Response to the Motion to Dismiss, Plaintiff asserts that the delay in responding to Defendant's discovery requests is due to counsel's overloaded schedule as well as an issue that has arisen that may require counsel to withdraw from representing

Plaintiff in this matter. Rothstein Dec. ¶ 3 (attached as an Exhibit to Plaintiff's Response). Plaintiff further represents that counsel's decision not to respond to Defendant's Motion to Stay was an indication that he consented to the Motion. Id. at ¶ 5. Plaintiff requests an informal status conference with the Court to determine the best way to proceed and to establish an amended Scheduling Order.

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir.1989), cert. denied 493 U.S. 1084 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir.1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors: (1) the degree of Plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the Defendant; (3) the history of the Plaintiff in proceeding in a dilatory manner; and, (4) the existence of less drastic sanctions other than dismissal. Davis v. Williams, 588 F.2d 69 (4th Cir.1978).

Counsel for Plaintiff represents that any delay in this case has not been caused by any deliberate or dilatory conduct on the part of Plaintiff herself. Rothstein Dec. ¶ 6. However, Plaintiff's actions have prevented Defendant from discovering the relevant facts of the case and preparing its defense. Nevertheless, it does not appear that Plaintiff has abandoned her case. Rather, Plaintiff desires get the case back on track. Thus, dismissal is not appropriate at this juncture.

Accordingly, Defendant's Motion to Dismiss (Document # 24) is **DENIED**. Defendant's Motion to Compel (Document # 17) is **GRANTED**. Plaintiff shall serve full and complete responses to Defendant's First Set of Interrogatories and First Set of Requests for Production **within twenty days of the date of this Order**. Defendant's Motion to Stay (Document # 22) is **DENIED.** The parties are directed to submit a proposed Consent Amended Scheduling Order or contact the court to schedule an informal telephone conference **within ten days of this date of this Order**

-2-

-3-

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 16, 2013  
Florence, South Carolina